PER CURIAM.
We have for review eight consolidated cases consisting of seven interlocutory appeals and one petition for certiorari, all arising out of a marriage dissolution proceeding. In addition to the eight cases seeking review of interlocutory orders, we have pending for disposition numerous motions which will be disposed of by separate order.
The petition for dissolution was filed by the appellant/petitioner in January 1978. As yet the matter has not progressed to final hearing. On April 24, 1978, the trial court entered an order granting the wife temporary relief. Among other things the court awarded the wife temporary custody of the minor child of the marriage, possession of the marital domicile, temporary alimony and child support (undesignated) and temporary attorney’s fees. All of the interlocutory appeals stem from orders of the trial court enforcing the temporary relief order of April 24, 1978. The petition for writ of certiorari seeks review of orders denying petitioner’s motion to disqualify the trial judge.
After reading of the briefs and such parts of the extensive appendices as we are compelled to consider, we find little reversible error demonstrated. Appellant finds much to complain about in the trial judge’s disposition of the various matters brought before him. However, we are constrained to observe that appellant rarely complied with any court orders until he was threatened with incarceration or other coercive measures. Be that as it may, we have considered separately all of appellant’s points set forth in each of the cases.
Case No. 78-1552 should be dismissed because it seeks review of a non-appealable order.
*373 No reversible error is demonstrated in Case Nos. 78-1629, 79-698, 79-1046, and 79-1945, thus the orders in those cases should be affirmed without further discussion.
We also find no reversible error demonstrated in Case No. 78-1147 except as to that provision of the May 15, 1978 order granting the wife’s petition for. sequestration of the husband’s property. We are unable to determine from the record presented whether it was necessary to sequester all of appellant’s property in order to enforce the April 24, 1978 order of temporary relief. Accordingly, on remand the trial court should determine whether sequestration is still necessary and if the court finds it is imperative in order to enforce its orders then the court is requested to make a finding of the approximate value of the property sequestered and to retain under the order of sequestration only so much thereof as the court finds necessary to secure the enforcement of its orders.
We affirm the orders attacked in Case No. 79-918 except the entry of the final judgment of April 11, 1979. To the extent that said judgment included sums previously adjudicated which were pending on interlocutory appeal, the judgment is erroneous. Therefore, on remand the trial court should amend the judgment and delete any such sums contained therein. This of course will not preclude the trial judge from entering judgment for said deleted sums, after reacquiring jurisdiction, if he finds such a judgment to be appropriate.
In the certiorari proceeding, petitioner contends the trial court erred in denying petitioner’s motion for the trial judge to recuse himself and in denying a subsequent motion to disqualify himself due to ex parte communications with opposing counsel. The order of November 13, 1978 denying petitioner’s motion to recuse can not be reviewed by petition for certiorari[1] filed April 13, 1979; it is simply untimely. With regard to the order of April 9, 1979 denying petitioner’s motion to disqualify the trial judge, the petitioner’s brief and appendix do not demonstrate reversible error.
Accordingly, the judgments and orders involved in Case Nos. 78-1629, 79-698, 79-1046, and 79-1945 are affirmed. Case No. 78-1442 is dismissed. The petition for cer-tiorari filed in Case No. 79-920 is denied.
The orders in Case Nos. 78-1147 and 79-918 are affirmed in all respects except as provided hereinabove.
The entire cause is remanded to the trial court for further proceedings consistent with this opinion.
DOWNEY, C. J., and LETTS and BERA-NEK, JJ., concur.

. Petitioner originally filed a petition for writ of prohibition which this court elected to treat as a petition for certiorari.